UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



June 23, 2020

Theodore A. Melanson, Esq.
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Suite 101
Towson, MD 21204

Cassia W. Parson, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

Subject: *Keith B. v. Saul*[1]
Civil No.: 1:19-cv-00803-GLS

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 15, 18). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is **REMANDED** for further consideration.

I. **BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on August 22, 2013, alleging that disability began July 1, 2010. (Tr. 22). This claim was initially denied on November 7, 2013, and upon reconsideration, denied again on February 5, 2014. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was conducted on March 24, 2015, by an Administrative Law Judge ("ALJ"). (*Id.*). On April 24, 2015, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Tr. 30). On September 23, 2015, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6).

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*Keith B. v. Saul*
GLS-19-00803
June 23, 2020

Plaintiff filed an action for judicial review in the U.S. District Court for the District of Maryland. (Tr. 698-706). On August 10, 2016, the Honorable J. Frederick Motz adopted the Honorable Stephanie Gallagher's recommendation to reverse the ALJ's decision due to inadequate analysis and remand the case for further proceedings. (Tr. 698). On March 27, 2018, Plaintiff appeared before the ALJ for further proceedings. (Tr. 649-685). On May 2, 2018, the ALJ issued her second decision, in which she again found that Plaintiff was not disabled (Tr. 626-638) The Appeals Council affirmed that decision on January 16, 2019. (Tr. 611-616). Thus, the ALJ's second decision became the final and reviewable decision of the SSA. (Tr. 613-614).

## II. ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual function capacity("RFC"), i.e., the most the claimant could do despite his or her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his or her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he or she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered the following severe impairments: major depressive disorder, bipolar disorder, learning disorder and left forearm status post fracture. (Tr. 628). Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> perform medium work as defined in 20 CFR 416.967(c) except he cannot climb ladders, ropes or scaffolds. He needs to avoid concentrated exposure to humidity and wetness. He is limited to simple, routine tasks. Time off task can be

>accommodated by normal breaks. He cannot engage in production pace work. He can have occasional interaction with supervisors, coworkers, and the public. He can have few changes in the routine work setting and simple work-related decisions. (Tr. 632).

At the hearing before the ALJ, a vocational expert ("VE") testified about whether a hypothetical person with non-exertional limitations like Plaintiff's could perform Plaintiff's prior work. (Tr. 680-681). That hypothetical contained the Plaintiff's RFC assessment. (Tr. 681). The VE stated that "no," that hypothetical person could not perform that work. (Tr. 681). Next, the ALJ asked the VE whether a hypothetical person with the same limitations as the Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 681-682). The VE opined that the person--in effect, Plaintiff--could perform other work, e.g., as a packer (agricultural producer), hand packager, and a waxer. (Tr. 682). Therefore, the ALJ found that the Plaintiff was not disabled. (Tr. 637-638).

### III. DISCUSSION

On appeal to this Court, Plaintiff advances the following two arguments: (1) that the ALJ's step five conclusion was not supported by substantial evidence because the hypothetical posed to the VE did not include a definition of the phrase "production pace work;" and (2) that the ALJ failed to properly evaluate whether Plaintiff's impairments meet or medically equal Listing 12.05. (ECF No. 15-1, pp. 9-24) The SSA counters that both arguments raised by Plaintiff lack merit. (ECF No. 18-1, pp. 5-21). For the reasons explained below, the Court agrees with the Plaintiff. Thus, I grant remand under sentence four of 42 U.S.C. § 405(g).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

As to his successful argument, Plaintiff argues that "production pace work" is not defined by Social Security Regulations nor the Dictionary of Occupational Titles, and is not a phrase that has a common meaning. Thus, the absence of a definition led the VE to consider a flawed hypothetical and to reach an erroneous conclusion. In support of his argument, Plaintiff relies on *Thomas v. Berryhill, supra.* Defendant raises several counter-arguments. First, Defendant

*Keith B. v. Saul*
GLS-19-00803
June 23, 2020

maintains that the VE did not express any confusion about the ALJ's hypothetical. Second, Plaintiff and his counsel did not object or express any confusion about the definition of "production pace work." Third, Plaintiff's reliance on *Thomas v. Berryhill* is misplaced because the issues in this case are distinguishable from those raised in *Thomas*. Finally, Defendant contends that the instant case is subject to a harmless error analysis. (ECF No. 18-1, pp. 5-11).

In *Thomas v. Berryhill*, the ALJ denied the claimant's application for SSI. The claimant argued, *inter alia*, that the ALJ erred in evaluating claimant's RFC. *Thomas, supra*, at 311. The Fourth Circuit found that there were several missteps in the ALJ's RFC evaluation. Of particular relevance here, is the Fourth Circuit's holding that the ALJ's failure to define "production rate or demand pace" made the ALJ's RFC assessment flawed, because without such a definition, the appellate court could not meaningfully review the ALJ's decision. *Id.* at 311-12.

In this case, even though the Plaintiff casts the issue as one involving a flawed hypothetical to the VE instead of a defect in the RFC assessment, the issue of the lack of a definition of the phrase is still problematic because the hypothetical contained the ALJ's RFC assessment of Plaintiff. Plaintiff correctly identified that the ALJ presented the VE with a hypothetical with the phrase "no production pace work," yet failed to define this phrase. (Tr. 681).

I find that this phrase is analogous to the phrase "production rate or demand pace" that the Fourth Circuit found problematic in *Thomas*: I do not know what the phrase means, so I cannot determine what pace the ALJ is saying Plaintiff can work. Is it a fast pace, a slow pace? A medium pace? Accordingly, remand is warranted so that the ALJ can clarify both her RFC assessment and the related hypothetical posed to the VE, such that one can infer that substantial evidence exists to support the ALJ's ultimate finding on non-disability. *See Nora P. v. Comm'r Soc. Sec.,* Civil No. SAG 18-1604, 2019 U.S. Dist. LEXIS 68383, at *5 (D. Md. Apr. 23, 2019)(remand warranted where RFC and related hypothetical failed to define "no fast pace or strict production requirements").

Defendant maintains that, assuming that the ALJ erred, such error is harmless. Defendant relies on *Crocetti v. Comm'r Soc. Sec.,* Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018). This case is distinguishable from *Crocetti*. In *Crocetti*, claimant argued that the ALJ's hypothetical was deficient because he failed to define the term "production rate pace." The *Crocetti* court found the phrase to be a "subject to a common understanding." In addition, the *Crocetti* court noted that there was "no precedent, binding or otherwise, [that required] an additional definition to be presented in order for a phrase to be understandable to the VE." Therefore, the Court held that even if the failure to define "production rate pace" constituted error, it was harmless and remand was not warranted. 2018 U.S. Dist. LEXIS 95697, at *4-5. *Crocetti* is unpersuasive because it predated *Thomas* and *Nora P.*, which hold that the ALJ must define phrases that are not defined by common meaning, regulation, or the DOT.

In addition, Defendant argues that even if the term "production pace work" was further defined it would not affect the occupations suggested by the VE because the jobs do not involve work that requires production-type work. (ECF No. 18, p. 9). Defendant relies on the following cases: *Burton v. Comm'r*, Civil No. SAG-15,3947, 2017 WL 532276, at *3 (D. Md. Feb. 9, 2017);

*Keith B. v. Saul*
GLS-19-00803
June 23, 2020

*Chase v. Comm'r*, Civil No. SAG-14-2961, 2016 WL 199410, at *3 (D. Md. Jan. 15, 2016); and *Camden v. Colvin*, No. SKG-13-1553, 2014 WL 2964992, at *2 (D. Md. June 26, 2014). As Although these cases describe work that requires pacing work, similarly, all three cases predate *Thomas, supra,* which is binding authority. Therefore, without a definition of "production pace work," this Court is unable to conclude that the RFC limitation was harmless. *See Marion J. v. Comm'r.*, Soc. Sec. Admin., Civil No. SAG-18-2047, 2019 WL 2290496, at *2 (D. Md. May 29, 2019). Accordingly, remand is warranted.

Because the case is being remanded on other grounds, I decline to address Plaintiff's remaining arguments. I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 15), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 18), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

5